**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTONIO TRACA,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No.  03-3755** |
| **v.** | : | |
| | : | |
| **BETHLEHEM AREA SCHOOL DISTRICT** | : | |
| **and** | : | |
| **DR. JOSEPH J. ROY** | : | |
| **Defendants.** | : | |

<u>**COMPLAINT**</u>

## I. <u>PRELIMINARY STATEMENT</u>

School-based violence speaks volumes about the current state of the world and our country today. School-based violence occurs in all communities, urban, suburban, rural and small towns, regardless of economic condition. It happens in all levels of schools, elementary, middle, secondary and beyond. While much of school violence is committed by students and adult intruders, School Boards and Administrators have a moral, ethical and legal duty to model good behavior and not be the perpetrators of the violence.

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Bethlehem Area School District Assistant Principal Antonio Traca who was violently assaulted by District Superintendent Joseph J. Roy at a school sports event in front of a crowd of students, parents, teachers, Mr. Traca's peers, and other spectators,  including Defendant Roy's own minor daughter. Although there were a very large number of witnesses, and several students reported the assault as examples of in school violence, Superintendent Roy continued to proffer false

1

denials and to make public statements in media that called Mr. Traca's credibility into question.  Upon information and belief, the Board of Bethlehem Area School District was on notice of Superintendent Roy's history of violent and threatening behavior, but no corrective action was ever taken to prevent future behavior, such as the assault on Mr. Traca.  Although Bethlehem Area School District engaged an outside firm at tax-payer expense to investigate the assault on Mr. Traca, which upon information and belief confirmed that Superintendent Roy had committed the assault, no corrective action was taken, and the report of the investigation was suppressed and withheld from the citizens, parents and students within the District.  Upon information and belief, no action was taken despite the fact that Roy admitted to Board that he had not been truthful, and that he had assaulted Mr. Traca.

Because school-violence is so prevalent in today's world it is entirely foreseeable that a person with violent tendency will commit an act of violence.  Furthermore, BASD ignored its own policies against school violence to ignore and then cover-up Roy's actions.  The lack of example setting by Roy in perpetrating violence, and the Board in engaging in a cover-up only tends to perpetuate further school violence..

This action is brought under 42 U.S.C. § 1983 and Pennsylvania common law.

## II.  <u>JURISDICTION AND VENUE</u>

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C.  §§ 1983, 28 U.S.C. §1331 and 1391, 2201, 2202, 1343 and the claim is substantively based on 42 U.S.C.  § 1983, *et seq*.

2. The Supplemental Jurisdiction of this Court is invoked pursuant to Title 28

a. U.S.C. §1367, to consider Plaintiff's claim arising under Pennsylvania common law.

3. Venue is proper in the Eastern District of Pennsylvania in that some or all of the events complained of herein occurred in Northampton County, Pennsylvania, and/or some or all of the Defendants herein reside or have their principal place of business within the boundaries of this District.

## III.  **PARTIES**

4. Plaintiff Antonio Traca is an adult male citizen and resident of the Commonwealth of Pennsylvania, residing in Bethlehem, Northampton County, Pennsylvania.

5. At all times material hereto, Mr. Traca (hereinafter "Assistant Principal Traca: was an Assistant Principal within BASD, and a Professional Employee as defined in 24 P.S. 11-1101(1).

6. At all times material hereto, Assistant Principal Traca was subject to the unreviewable supervision of Defendant Superintendent Roy pursuant to 24 P.S. 10-1081 and as interpreted by judicial decision.

7. Defendant, Bethlehem Area School District, (hereinafter "BASD") is a governmental entity within the Commonwealth of Pennsylvania empowered to establish, regulate and control its employees pursuant to the Pennsylvania Public School Code,  24 P.S. 1-101, *et seq.*.

8. Defendant, Superintendent Dr. Joseph P. Roy (hereinafter "Superintendent Roy"), is an adult male citizen and resident of the Commonwealth of Pennsylvania.

9. Superintendent  Roy  is  currently  serving  in  his  capacity  as  an  District

Superintendent of BASD pursuant to 24 P.S. 10-1071, *et seq.* and is responsible for the formulation and/or implementation of practices, policies, and procedures, as well as the day to day operation and overseeing the performance of Professional Employees as that term is defined in 24 P.S. 11-1101(1) which includes Principals, Assistant Principals and Vice Principals.

10. At all times relevant hereto, Superintendent Roy was acting within the scope of his duties and authority, under color or title of state or other public law or ordinance.

11. At all times relevant hereto, Superintendent Roy was a final decision-maker over matters concerning the supervision and discipline of professional employees short of termination, pursuant to 24 P.S. 10-1081 and as interpreted by judicial decision.

12. At all times relevant hereto, Defendant BASD acted by and/or failed to act by and through the conduct of its Board of Education and adminstrive and professional employees, including but not limited to Superintendent Roy, all acting within the scope and course of their employment.

13. At all times material hereto, Defendant Superintendent Roy had a non-voting seat on the Board of Education.

14. As a practical and *de facto* matter, Defendant Superintendent Roy regularly exercised complete control and dominion over the BASD Board of Education, which acted solely at and consistent with the direction of Superintendent Roy.

15. Therefore, in addition to his final and unreviewable legal authority to supervise and direct the Professional Employees of BASD, Defendant Superintendent Roy exercised final and unreviewable authority over all of the policies and practices of

4

BASD.

16. Because of limitations on their authority over Superintendent Roy contained in his employment contract, Defendant BASD's sole means of remediating the violations by Roy was to terminate his employment "for cause," limited to "neglect of duty, intemperance or immorality."

17. At all relevant times herein, Defendant BASD knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions complained of herein, and are ultimately responsible for same.

## IV.  <u>CAUSES OF ACTION</u>

18. All of the foregoing allegations and averments are incorporated herein by reference as if full set forth herein.

19. In his role as an Assistant Principal with BASD, one of Plaintiff's duties is to enforce discipline among the students.

20. Plaintiff derives his authority to deter students who commit violence on the moral authority and responsibilities of his position to enforce the rules and policies of BASD of no tolerance of school violence

21. In order to be effective in this role, it is essential that he command the respect of the students, and that his performance and reputation be beyond reproach.

22. Indeed, this reputation had been well earned in his long history of exemplary and unblemished performance.

23. On or about October 14, 2022, Plaintiff was assigned to supervise a group of students ("the cheering section") at a football game between Liberty and Easton

High Schools, when he observed a group of students gathered around in a huddle formation on the track near the goal posts, and using their phones to record what was transpiring in the middle.

24. Based on his training, experience and the use of common sense, Plaintiff suspected that a fight was occurring.

25. He moved immediately to break through the huddle, and to disperse the crowd of students.

26. Suddenly and without any warning, Defendant Superintendent Roy punched him in the chest.

27. When Plaintiff expressed surprise, shock and fear that Roy would continue his assault, stating "Why did you hit me,"  Roy responded by accusing him of "not doing your fucking job" and instead "just watching the game."

28. This accusation made in front a large group of BASD students, faculty, peers, parents and others demonstrates Roy's attitude that he can behave however he wants with no repercussions.

29. The assault, battery and false accusation caused Plaintiff's respect and reputation to be questioned and diminished among the students.

30. Plaintiff immediately reported this event to BASD with the intent that the Board would take appropriate remedial action.

31. Later, at least one student reported the actions by Roy as examples of in school violence that they had witnessed.

32. Upon information and belief, other faculty members reported Roy's actions.

33. Moreover BASD has allowed and tolerated Roy's unilateral changes in modifications to policies and procedures, including Defendant Superintendent Roy's reputation for violent and intimidating behavior, including but not limited to:

    a.  Russ Giordano, Chief Human Resources Officer,  received many complaints about Dr. Roy and his angry outbursts.  Mr. Giordano has recounted that even Dr. Roy's wife was concerned about what would happen and who would keep Dr. Roy under control after he  retired.

    b.  Dr. Roy went on an angry verbal tirade against Laura Keding, President of the Teacher's Union, yelling at her in rage in front of all the people at the Zoom meeting.  Thereafter, Ms Keding would not meet with him alone for fear of what he may do to her.  This was in violation of the District Policy and Procedure concerning verbal abuse and intimidation, but no action was taken to correct Roy's behavior.

    c.  Dr. Roy attended a negotiation for the contract of the Secretary and Clerical Worker, despite having no role in the negotiation.  Once there,  Dr. Roy became extremely angry and threatened everyone present, including Mr. Giordano, with their jobs, stating that the secretaries work for him, are well paid, lucky to have a job and he was the boss.  He left the meeting enraged, storming out of the room.

    d.  Roy also threatened two parents who wanted to speak at the school board meeting about an issue going on at Northeast Middle School.  Dr. Roy threatened them before the meeting,  reminding the two parents that they were on his "turf" and there would be consequences for them if they spoke.  When one parent asked him directly, "are you threatening us?", he replied with, "I'm done" and went to his meeting.

    e.  Dr. Roy has angrily stated on many occasions that that he "is the boss" and "he runs the district."

    f.  Dr. Roy behaved so angrily and violently toward the  Chief Technology Officer  that she began looking for jobs elsewhere.

    g.  Dr. Roy subjected the Transportation Department Supervisor, two Assistant Supervisors the Supervisor of Facilities to violent and threatening behavior in an attempt to intimidate them into agreeing hire an outside

transportation company.  The Transportation Supervisor's husband was on the School Board and was powerless as a Board member.   The Transportation Supervisor wrote a letter to BASD Human Resources stating complaining about  Dr. Roy's actions but was told that nothing would happen to Dr. Roy.

h. Roy's actions have been asserted as a defense on behalf of a student to expulsion for assaulting teacher, stating, in part

> Dr. Roy, please explain how can you sleep at night knowing that you've end [sic] his final days of his senior year and you, as a leader, the head of BASD is [sic] able to FLIP TABLES and ASSAULT YOUR STAFF without these same kind of consequences? Quite frankly J____[1]  displayed greater restraint at the young age of 18 the [sic] you have at your age and role as a leader.  (emphasis in original)

34. On or about November 6, 2022, Defendant Roy made a statement to Jennifer Sheehan of the Morning Call, which was published in print, web and audio form.

35. In that statement, Roy falsely stated that the allegation made against him by Plaintiff were "unfounded" and the because  "sometimes I make decisions people aren't happy with." [2]

36. While it is technically true that Plaintiff and those who were forced to witness Roy's assault on Plaintiff were "not happy with the decision" he made to assault Plaintiff, the statement was made with the intent and effect of further calling Plaintiff's credibility and integrity into question.

37. Thereafter, Defendant BASD retained the services of the Law Firm of Norris McLaughlin to investigate Plaintiff's complaints against Roy resulting from the

---

1 Student identifying information excluded.

2 Available at https://www.mcall.com/2022/11/06/bethlehem-area-superintendent-joseph-roy-calls-allegation-against-him-unfounded-school-board-investigating/ (accessed 4/4/2023).

assault.

38. As part of the investigation, Plaintiff believes and therefore avers, that BASD review and supplied the investigator with statements from students and other who witnessed the assault, which corroborated Plaintiff's claims.

39. Upon information and belief, the BASD Board decided to ignore the eye witness information that corroborated the facts as stated by Plaintiff.

40. On or about February 27, 2023, BASD received the report of the investigation, which Plaintiff believes and therefore avers refuted Roy's false denials, and found that he had assaulted Plaintiff.

41. Defendant BASD has thereafter suppressed the findings in violation of the Pennsylvania Right to Know law with the legally insufficient statement that it pertained to a personnel matter, and acted to protect Roy and suppress the incident, which is one of public concern.

42. BASD has taken, and upon information and believes does not intend to take any action against Defendant Roy which would remediate Roy's illegal conduct.

43. To this date, Roy remains the District Superintendent of BASD.

44. Despite the record of Defendant Superintendent Roy for violent and threatening behavior in violation of the rights of citizens, students and employees protected. by the United States Constitution, and the confirmation of his conduct by independent investigation,  Defendant BASD chose to minimize the seriousness of Roy's conduct and affirmatively decided not to take prompt, appropriate remedial action which would be reasonably calculated to redress and correct the illegal

behavior of their employee, Defendant Superintendent Roy.

45. The decision not to take action against Roy was motivated in whole or in part because the BASD Board has abdicated its authority make policy, which is excerised primarily or solely by Roy.

46. In addition to failing to take action, Defendant BASD made repeated affirmative decisions to permit Defendant Superintendent Roy to continue in his role as District Superintendent, which had the effect of creating and perpetrating the danger that District Superintendent Roy posed to the students and Professional Employees of BASD.

47. As a direct result of the Defendants' conduct, Plaintiff was deprived of the liberties, freedoms and protection of the laws guaranteed under the United States and Pennsylvania Constitutions,  including but not limited to his protected right to be free from bodily restraint and punishment under the Fourth Amendment to the United Stated Constitution, as made applicable to the States and their political subdivisions by the Fourteenth Amendment.

48. As a direct result of the Defendants' conduct, Plaintiff has suffered physical injury, pain and suffering, and continues to suffer severe emotional, psychological and physical distress.

49. As a direct result of Defendants' conduct, Plaintiff's career, professional and job opportunities has been impaired and damaged.

50. At all times material hereto, Defendant Superintendent Roy acted pursuant to the official policies and practices of the BASD and as a final policy and decision-maker

as set forth above, with the specific and general knowledge and acquiescence of Defendant BASD acting through its Board of Education.

**COUNT I**
**PLAINTIFF**
**v.**
**DEFENDANT JOSEPH P. ROY**
**VIOLATIONS OF 42 U.S.C. § 1983**

51. Paragraphs 1 through 43 inclusive, are incorporated by reference as if fully set forth at length herein.

52. The Defendants acted in concert with each other acted under color of law, and violated the rights of the Plaintiff by depriving him of his constitutionally protected right to be free from bodily restraint and punishment under the Fourth Amendment and Fourteenth Amendments to the United Stated Constitution, in that Plaintiff was subjected to seizure of his person, including but not limited to:

    a. physical restraint and battery;

    b. In the unreasonable and unprivileged use of authority and use of excessive force;

    c. In the intentional or negligent infliction of emotional distress upon the Plaintiff, designed or calculated to punish the Plaintiff;

    d. In the development, implementation, and carrying out of a policy, practice or procedure designed to allow the unreasonable use of authority and use of excessive force in deprivation of constitutional rights of citizens, such as the Plaintiff;

    e. In failing to develop, implement  and carry out a policy proscribing the use of force and impairing the right to be safe and secure in their persons and property;

    f. In the development, implementation, and the carrying out of a policy which posed a threat to the law abiding citizens within Defendant BASD's jurisdiction, in that the assignment and retention of Defendant Superintendent Roy would result in the likelihood of serious injury to citizens and their individual rights;

    g. In condoning and conducting what amounted to an unreasonable use of force in violation of the Constitutional rights of the Plaintiff;

    h. In demonstrating callous and deliberate indifference in failing to oversee, monitor, control, curtail, or restrain the actions of Defendant Superintendent Roy which Defendnat all Defendants knew, or should have known from prior actions and conduct by the individual Defendants, that the likelihood of violations, physical and psychological injury, and the deprivation of the constitutional right of citizens such as the Plaintiff was substantial.

53.    As a direct and proximate result of the a foresaid actions and omissions of all Defendants, the Plaintiff has suffered the following injuries and losses and is entitled to the following damages:

    a. loss of the use, benefit and enjoyment of life and personal freedom of movement and association;

    b. physical and mental pain and suffering and anguish, and embarrassment and humiliation;

    c. loss of valuable and inalienable rights to be free from illegal imprisonment, free from loss of freedom of association, free from false arrest and malicious prosecution, as well as free from loss of personal and familial privacy;

    d. loss of income and future earning capacity;

    e. loss of reputation;

   f.   punitive damages which are justified by the outlandish and outrageous conduct, actions, and omissions of one or more of the Defendants as aforesaid;

   g.   attorney's fees and costs to defend against the criminal action; and

   h.   medical expenses for care and treatment.

**COUNT II**
**PLAINTIFF**
**v.**
**DEFENDANT BASD**
**VIOLATON OF 42 U.S.C. 1983**
**(MONELL LIABILITY)**

54. Paragraphs 1 through 53 inclusive, are incorporated by reference as if fully set forth at length herein.

55. Defendant BASD acted under color of law, and violated the rights of the Plaintiff by depriving him of his constitutionally protected right to be free from bodily restraint and punishment under the Fourth Amendment and Fourteenth Amendments to the United Stated Constitution, in that Plaintiff was subjected to seizure of his person, including but not limited to:

   a.   In the development, implementation, and carrying out of a policy, practice or procedure designed to allow the unreasonable use of authority and use of excessive force in deprivation of constitutional rights of citizens, such as the Plaintiff;

   b.   In failing to develop, implement  and carry out a policy proscribing the use of force and impairing the right to be safe and secure in their persons and property;

   c.   In the development, implementation, and the carrying out of a policy which posed a threat to the law abiding citizens within

13

Defendant BASD's jurisdiction, in that the assignment and retention of Defendant Superintendent Roy would result in the likelihood of serious injury to citizens and their individual rights;

d. In condoning and conducting what amounted to an unreasonable use of force in violation of the Constitutional rights of the Plaintiff;

e. In demonstrating callous and deliberate indifference in failing to oversee, monitor, control, curtail, or restrain the actions of Defendant Superintendent Roy which Defendant all Defendants knew, or should have known from prior actions and conduct by the individual Defendants, that the likelihood of violations, physical and psychological injury, and the deprivation of the constitutional right of citizens such as the Plaintiff was substantial.

56.     As a direct and proximate result of the a foresaid actions and omissions of all Defendants, the Plaintiff has suffered the following injuries and losses and is entitled to the following damages:

a. loss of the use, benefit and enjoyment of life and personal freedom of movement and association;

b. physical and mental pain and suffering and anguish, and embarrassment and humiliation;

c. loss of valuable and inalienable rights to be free from illegal imprisonment, free from loss of freedom of association, free from false arrest and malicious prosecution, as well as free from loss of personal and familial privacy;

d. loss of income and future earning capacity;

e. loss of reputation;

f. punitive damages which are justified by the outlandish and outrageous conduct, actions, and omissions of one or more of the Defendants as aforesaid;

14

g.  attorney's fees and costs to defend against the criminal action; and

h.  medical expenses for care and treatment.

### COUNT III
### PLAINTIFF
### v.
### DEFENDANT BASD
### VIOLATON OF 42 U.S.C. 1983
### (STATE CREATED DANGER)

57.  Paragraphs 1 through 56 inclusive, are incorporated by reference as if fully set forth at length herein.

58.  As set forth above, Defendant BASD, acting through its Board of Education, repeatedly decided to permit Defendant Superintendent Roy to continue to act as District Superintendent despite repeated complaints that Roy demonstrated violent and abusive conduct designed to intimidate and threaten the students, faculty and staff of BASD.

59. It is reasonably foreseeable that a person who exhibits uncontrolled violent and threatening behavior will engage in physical abuse of persons under his control and supervision.

60. At all times, Defendant Roy was acting in his official capacity as District Superintendent, a position that provides no legal authority for the use of physical force as a technique of employee discipline, and therefore the use of physical force under such a circumstance shocks the conscience of a reasonable person.

61. In view of the unreviewable legal authority of a District Superintendent to direct the conduct of and impose discipline short of termination upon Professional

Employees, and Defendant Roy's *de facto* unreviewable authority over all policy and decision-making because of the abandonment of authority by the Board of Education of BASD, and the foreseeability that Defendant Roy would someday engage in physical violence, Plaintiff was within a class of persons whom would fall victim to Roy.

62. As set forth above, BASD affirmatively used its authority to permit Roy to retain his position, thus imperiling those over whom he had authority.

**COUNT IV**
**PLAINTIFF**
**v.**
**JOSEPH P. ROY**
**ASSAULT**

63. Paragraphs 1 through 62 inclusive, are incorporated by reference as if fully set forth at length herein.

64. The conduct of Defendant Roy proximately caused Plaintiff reasonable apprehension of an imminent battery.

65. Defendants Roy had the apparent present opportunity to commit a battery.

66. The aforementioned constituted an assault under the law of the Commonwealth of Pennsylvania.

**OUNT V**
**PLAINTIFF**
**v.**
**JOSEPH P. ROY**
**BATTERY**

67. Paragraphs 1 through 66 inclusive, are incorporated by reference as if fully set forth

at length herein.

68. The offensive and unwanted touching of Plaintiff by Defendant Roy constituted a battery under the law of the Commonwealth of Pennsylvania.

**COUNT VI**
**PLAINTIFF**
**v.**
**JOSEPH P. ROY**
**LIBEL AND SLANDER**

69. Paragraphs 1 through 68 inclusive, are incorporated by reference as if fully set forth at length herein.

70. The specific and intended purpose of Defendant in making the statements on October 14, 2022 to parents, students, peers, faculty, staff and members of the general public; and on November 6, 2022 to Jennifer Sheehan for purposes of being published by The Morning Call, and which was actually published and remains available as set forth above that

    a. Plaintiff was incompetent and was neglecting his duties in a position of responsibility for the safety of the BASD community;

    b. the allegation about him were unfounded;

    c. including in those allegations that he had engaged in misconduct involving a District Employee;

    d. and characterizing his actions underlying the "allegation" as decisions some people are not happy with."

was to disparage Plaintiff's reputation among those who were familiar with and/or witnessed the assault.

71. Defendant made the above-referenced statements knowing that they were false,

and knowing that they had no facts or evidence to support the allegations.

72. Defendant made the above-referenced statements knowing that they would be understood by members of the BASD community, including those who were familiar with and/or witnessed the assault as referring to the assault that he committed against Plaintiff.

73. Defendant made the above-referenced statements knowing that they would be understood by members of the BASD community, including those who were familiar with and/or witnessed the assault as referring to Plaintiff.

74. In making the statement to the Morning Call reporter, Defendant intended to convey that Plaintiff was not telling the truth.

75. The above referenced statements constituted defamation *per se*.

**COUNT VII**
**PLAINTIFF**
**v.**
**DEFENDANT JOSEPH P. ROY**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

76. Paragraphs 1 through 75 inclusive, are incorporated by reference as if fully set forth at length herein.

77. The actions of Defendants in intentionally engaging in the aforementioned conduct caused Plaintiff to suffer physical injury resulting in severe emotional distress.

78. The actions of Defendants as aforesaid, were deliberate, reckless, malicious and outrageous and thus constituted an intentional infliction of severe emotional distress.

79. The above-stated conduct of Defendants constitutes extreme and outrageous conduct.

80. As a direct result of Defendants' intentional, reckless, extreme, and outrageous conduct Plaintiff has suffered severe emotional distress, humiliation, loss of self esteem, and pain and suffering.

**COUNT VIII**
**PLAINTIFF**
**v.**
**DEFENDANT JOSEPH P. ROY**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

81. Paragraphs 1 through 80 inclusive, are incorporated by reference as if fully set forth at length herein.

82. The actions of Defendant as aforesaid, breached a duty owed by Roy to Plaintiff to not resort to physical contact as a means of discipline, and to not engage in assault and battery.

83. Because Plaintiff suffered a physical impact, the actions of Roy constituted an negligent infliction of severe emotional distress.

84. The above-stated conduct of Defendants constitutes extreme and outrageous conduct.

85. As a direct result of Defendants' intentional, reckless, extreme, and outrageous conduct Plaintiff has suffered severe emotional distress, humiliation, loss of self esteem, and pain and suffering, loss of wages.

**STATEMENT OF FACTS JUSTIFYING**
**THE IMPOSITION OF PUNITIVE DAMAGES**
**AGAINST DEFENDANT JOSEPH P. ROY**

86. Paragraphs 1 through 85 inclusive, are incorporated by reference as if fully set forth at length herein.

87. At all times relevant hereto, Defendant Superintendent Roy knew or should have known that the aforesaid pattern of conduct was in violation of the law.

88. At all times relevant hereto, Defendant acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well being of Plaintiff.

89. By interfering with his federally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution in outrageous disregard and reckless indifference to the rights, safety and well being of Plaintiff.

**V.  PRAYER FOR RELIEF**

90. Plaintiff repeats the allegations of paragraphs 1 through 89 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in his favor and against Defendants and requests that this Court:

a. Exercise jurisdiction over his claims;

b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, and such punitive damages as may be available under law;

c.  Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

d.  Order Defendants pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.  Order Defendant Roy pay to Plaintiff punitive damages under § 1983 and Pennsylvania Common Law, as allowed by law;

f.  The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

**HAHALIS & KOUNOUPIS, P.C.**


By: _/s/   George S. Kounoupis_____
GEORGE S. KOUNOUPIS, ESQUIRE
DAVID L. DERATZIAN, ESQUIRE
20 East Broad Street
Bethlehem, PA  18018
(610) 865-2608
Attorneys for Plaintiff, Antonio Traca

Dated: April 10,  2023