# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ANTONIO TRACA, | : | |
| Plaintiff, | : | Civil Action No. 5:23-cv-01363 |
| | : | |
| v. | : | |
| | : | |
| BETHLEHEM AREA SCHOOL DISTRICT, | : | |
| and DR. JOSEPH J. ROY, | | |
| Defendants. | | |

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

**KING, SPRY, HERMAN, FREUND, & FAUL, LLC**
John E. Freund, III, Esq.
Attorney ID # 25390
jef@kingspry.com
Alyssa M. Hicks, Esq.
Attorney ID #325722
ahicks@kingspry.com
One West Broad Street, Suite 700
Bethlehem, Pennsylvania 18018
*Attorneys for Defendants*

{01148511 9}

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................ ii

ISSUES BEFORE THE COURT ...................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ........................................ 2

SUMMARY OF THE ARGUMENT .............................................................................. 3

STANDARD OF REVIEW ............................................................................................. 4

LEGAL ARGUMENT ..................................................................................................... 5

   I.    Plaintiff's inclusion of a "preliminary statement" violates the Federal Rules of Civil Procedure and includes redundant, immature, impertinent, and scandalous statements; thus, the same must be stricken from the Complaint.............................................................................. 5

   II.    The Complaint fails to identify the deprivation of a constitutional right; thus, Count I fails to state a claim upon which relief can be granted. ............................................................ 7

   By Plaintiff's own admission, Dr. Roy believed Plaintiff was negligently failing to carry out his official duties at the football game. .................................................................................. 12

   III.    Plaintiff fails to identify a constitutional violation resulting from a School District policy, practice, or custom, and thus, Count II fails to state a claim upon which relief can be granted........................................................................................................................... 14

   IV.    Plaintiff fails to meet the elements of a state-created danger claim; thus, Count III fails to state a claim upon which relief can be granted. .................................................................. 18

   V.    Plaintiff fails to meet the elements of a state-created danger claim; thus, Count III fails to state a claim upon which relief can be granted. .................................................................. 21

   VI.    Plaintiff's claims for punitive damages against Dr. Roy fail as no constitutional violations took place and, alternatively, the Complaint lacks sufficient facts to establish evil motive / intent, or reckless / callous indifference towards Plaintiff's rights. ......................... 21

   CONCLUSION.............................................................................................................. 22

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

Andrews v. City of Philadelphia,
   895 F.2d 1469 (3d Cir. (1990) ............................................................................ 18

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ................................................................................ 4, 13

Bell Atl. Corp. v. Twombly, 5
   50 U.S. 544 (2007) ........................................................................................ 13

Betz v. Satteson,
   715 F. App'x 213 (3d Cir. 2017) ..................................................................... 13

Bielevicz v. Dubinon,
   915 F.2d 845 (3d Cir. 1991) ............................................................................ 19

Bowers v. Vito,
   686 F.2d 616  (1st Cir. 1982) .......................................................................... 24

Bright v. Westmoreland Cnty,
   443 F.3d 276 (3d Cir. 2006) ...................................................................... 22, 24

Brower v. County of Inyo,
   489 U.S. 593 (1989) ........................................................................................ 11

Brown v. City of Pittsburgh,
   586 F.3d 263 (3d Cir. 2009) ........................................................................... 19

C.N. v. Ridgewood Bd. of Ed.,
   430 F.3d 159 (3d Cir. 2006) ........................................................................ 9, 15

Cochetti v. Desmond,
   572 F.2d 102 (3d Cir. 1978) ........................................................................... 26

Connecticut v. Gabbert,
   526 U.S. 286 (1999) ........................................................................................ 10

County of Sacramento v. Lewis,
   523 U.S. 833 (1998) ........................................................................... 10, 14, 15

D.R. by L.R. v. Middle Bucks Area Vo. Tech. School,
   972 F.2d 1364 (3d Cir. 1992) ......................................................................... 24

        

Forrest v. Parry,
    930 F.3d 93 (3d Cir. 2019)......................................................................... 17

Gottlieb ex rel. Calabria v. Laurel Highlands Sch. Dist.,
    272 F.3d 168 (3d Cir. 2001).............................................................. 9, 12, 14

Graham v. Connor,
    490 U.S. 386 (1989)............................................................................ 11, 15

Gregory v. Chehi,
    843 F.2d 111 (3d Cir. 1988)..................................................................... 25

Hedges v. United States,
    404 F.3d 744 (3d Cir. 2005)....................................................................... 4

Heneghan v. Northampton Community College,
    2010 WL 2730638 (E.D. Pa. July 11, 2011)............................................ 25

Kelly v. Borough of Carlisle,
    622 F.3d 248, 263 (3d Cir. 2010).............................................................. 17

Kurilla by Kurilla v. Callahan,
    68 F.Supp. 2d 556 (M.D. Pa. 1999) ......................................................... 12

Losch v. Borough of Parkesburg,
    736 F.2d 903 (3d Cir.1984)........................................................................ 17

Malleus v. George,
    641 F.3d 560 (3d Cir. 2011)......................................................................... 5

Mark v. Borough of Hatboro,
    51 F.3d 1137 (3d Cir. 1995)...................................................................... 10

McGreevy v. Stroup,
    413 F.3d 359 (3d Cir. 2005)...................................................................... 19

Monell v. Dep't of Social Servs.,
    436 U.S. 658 (1978).............................................................................. 16, 17

Moore v. Lower Fredrick Twp.,
    2022 WL 657068 (E.D. Pa. 2022) ........................................................... 18

New Jersey v. T.L.O.,
    469 U.S. 325 (1985).................................................................................. 10

Phillips v. Cnty. of Allegheny,

515 F.3d 224 (3d Cir. 2008)..................................................................................... 4

Rode v. Dellarciprete,
    845 F.2d 1195 (3d Cir. 1988)............................................................................... 15

Schlayach v. Berks Heim Nursing & Rehab.,
    434 F. Supp. 3d 342 (E.D. Pa. 2020) .................................................. 17, 18, 20, 21

Schmidt v. Freeland,
    2013 WL 4083761 (M.D. Pa. Aug. 13, 2013) ...................................................... 13

Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.,
    422 F.3d 141 (3d Cir. 2005)........................................................................... 11, 12

Smith v. Wade,
    461 U.S. 30 (1983)................................................................................................ 25

Thomas v. Cumberland Cty.,
    749 F.3d 217 ......................................................................................................... 21

United States Mineworkers v. Gibbs,
    383 U.S. 715 (1966)............................................................................................. 25

**Rules**

Fed. R. Civ. P. 10(b) .................................................................................................. 6
Fed. R. Civ. P. 12(b)(6)............................................................................................... 4
Fed. R. Civ. P. 12(f) ................................................................................................... 6
Fed. R. Civ. P. 8(a) ..................................................................................................... 6

**Pennsylvania Statutes**

24 P.S. § 10-1081...................................................................................................... 19
24 P.S. § 5-507.......................................................................................................... 19
24 P.S. § 5-508.......................................................................................................... 19

## ISSUES BEFORE THE COURT

I.     **WHETHER PLAINTIFF'S PRELIMINARY STATEMENT MUST BE STRICKEN AS IT VIOLATES THE FEDERAL RULES OF CIVIL PROCEDURE?**

Suggested answer: Yes.


II.     **WHETHER COUNT I MUST BE DISMISSED AS IT FAILS TO IDENTIFY THE DEPRIVATION OF A CONSTITUTIONAL RIGHT?**

Suggested answer: Yes.

III.     **WHETHER COUNT II MUST BE DISMISSED AS IT FAILS TO IDENTIFY A CONSTITUTIONAL VIOLATION RESULTING FROM A SCHOOL DISTRICT POLICY, PRACTICE, OR CUSTOM?**

Suggested answer: Yes.

IV.     **WHETHER COUNT III MUST BE DISMISSED AS IT FAILS TO IDENTIFY AN ACTION OF A STATE ACTOR THAT SHOCKS THE CONSCIENCE?**

Suggested answer: Yes.

V.     **WHETHER PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED AS HIS FEDERAL CLAIMS FAIL AS A MATTER OF LAW?**

Suggested answer: Yes.

VI.     **WHETHER PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES MUST BE STRICKEN AS THE COMPLAINT LACKS SUFFICIENT FACTS TO ESTABLISH EVIL MOTIVE/INTENT, OR RECKLESS/CALLOUS INDIFFERENCE TOWARDS PLAINTIFF'S RIGHTS?**

Suggested answer: Yes.

## <u>STATEMENT OF FACTS AND PROCEDURAL HISTORY</u>

On April 10, 2023, Plaintiff Antonio Traca ("Plaintiff") filed a complaint (the "Complaint") against the Bethlehem Area School District (the "School District") and Dr. Joseph P. Roy ("Dr. Roy" and together with the School District, the "School District Defendants") and asserted the following causes of action: Count I (against Dr. Roy) – Violations of 42 U.S.C. § 1983 ("Section 1983"); Count II (against the School District) – Violations of Section 1983 (<u>Monell</u> Liability); Count III (against the School District) – Violations of Section 1983 (State Created Danger; Count IV (against Dr. Roy) – Assault; Count V (against Dr. Roy) – Battery; Count VI (against Dr. Roy) – Libel and Slander; Count VII (against Dr. Roy) – Intentional Infliction of Emotional Distress; and Count VIII (against Dr. Roy) – Negligent Infliction of Emotional Distress. The School District Defendants now timely file their Rule 12(b)(6) Motion to Dismiss as well as a Rule 12(f) Motion to Strike for the reasons stated herein.

At all times material hereto, Plaintiff was a High School Assistant Principal within the School District.  <u>See</u> ECF #1, ¶ 5.  Dr. Roy was the Superintendent of the School District.  <u>Id.</u> at ¶ 9.  Plaintiff alleges that on or about October 24, 2022, he was assigned to supervise a group of students at a football game between Liberty and Easton High Schools.  <u>Id.</u> at ¶ 23.  During the football game, Dr. Roy observed Plaintiff watching the game instead of supervising students.  <u>Id.</u> at ¶ 27. After a fight broke out among a group of students, Plaintiff went to disperse the crowd. <u>Id.</u> at ¶¶ 24-25.  Prior to Plaintiff being able to address the fight, Dr. Roy allegedly approached Plaintiff and "punched him in the chest."  <u>Id.</u> at ¶¶ 26-27.   When Plaintiff asked Dr. Roy why he "punched him" Dr. Roy allegedly "responded by accusing him of 'not doing your fucking job' and instead 'just watching the game.'"  <u>Id.</u> at ¶ 27.  No further interactions, physical or otherwise, took place between Plaintiff and Dr. Roy.  <u>See</u> <u>generally</u> ECF #1.  Significantly, the Complaint contains no allegations of a physical restraint.

## SUMMARY OF THE ARGUMENT

It cannot be reasonably concluded that the alleged act of "punching" Plaintiff in the chest at a high school football game would infringe upon the protections afforded by the Fourth and Fourteenth Amendments.  Section 1983 causes of action require a degree of malice or sadism as well as knowledge that the actions would violate a constitutional right.  The Complaint falls woefully short of this intentionally stringent standard.  Instead, it functions as an attempt to assert, at best, tort causes of action that are equally doomed.  Importantly, citizens cannot disguise tort claims as federal ones in order to reap the benefits of constitutional law causes of action.  Such claims have been expressly prohibited by the United States Supreme Court in County of Sacramento v. Lewis, 523 U.S. 833 (1998).    Therefore, Plaintiff's Section 1983 claims against Dr. Roy fail to state a claim upon which relief can be granted as the Complaint is devoid of a constitutional violation.  Alternatively, Dr. Roy is immune from such an action pursuant to the doctrine of qualified immunity.

Plaintiff's remaining Section 1983 causes of action against the School District also fail as the Complaint fails to establish liability pursuant to Monell v. Dep't of Social Servs., 436 U.S. 658 (1978).  Under the first Monell theory asserted, Plaintiff must identify a School District policy, practice, or custom – as opposed to the independent conduct of an employee – as the driving force behind his alleged harm.  Not only does Plaintiff fail to identify a constitutional violation and related harm but Plaintiff also fails to cite to a School District policy, practice, or custom that can be causally connected to his alleged harm.  Plaintiff continues to be unsuccessful in establishing liability under Monell by failing to meet the elements of the state-created danger theory.  Dr. Roy's alleged acts are unequivocally inadequate to substantiate that a state actor acted with a degree of culpability that shocks the conscience.  Thus, Plaintiff's Section 1983 causes of action fail to state claims upon which relief can be granted.

Finally, any remaining state law claims do not belong in Federal Court.  There is no ostensible reason why this Court should maintain jurisdiction over such claims.  Notwithstanding, these causes of action also fail to state a claim upon which relief can be granted.  Based on the foregoing, the Complaint must be dismissed in its entirety.

## STANDARD OF REVIEW

It is proper to file a motion to dismiss on the basis of a complaint failing to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint must contain sufficient factual matter that if accepted as true "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (internal citations omitted).  Furthermore, a court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citations omitted).  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (internal citations omitted).

The facts alleged must amount to "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.  Where a complaint pleads only "facts that are 'merely consistent' with a defendant's liability," it is insufficient and cannot survive a motion to dismiss.  Id.  Furthermore, a district court must review the following when deciding on a motion to dismiss: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

## <u>LEGAL ARGUMENT</u>

I.     **Plaintiff's inclusion of a "preliminary statement" violates the Federal Rules of Civil Procedure and includes redundant, immature, impertinent, and scandalous statements; thus, the same must be stricken from the Complaint.**

Plaintiff attempts to scandalous the facts of this case by including inappropriate, hyperbolized statements that do not comply with the Federal Rules of Civil Procedure by way of a "preliminary statement."   The "preliminary statement" must be stricken for the following reasons: (1) the paragraphs are not numbered per Rule 10(b); (2) the paragraphs include claims that are not allowed per Rule (8)(a); and (3) the paragraphs include claims that are redundant, immature, impertinent, and scandalous, which must be stricken per Rule 12(f).

Per Rule 10(b) of the Federal Rules of Civil Procedure, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."   Fed. R. Civ. P. 10(b).   Moreover, allowable claims for relief include the following: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."   Fed. R. Civ. P. 8(a).   Lastly, "[t]he court may strike from a pleading an insufficient defense or any redundant, immature, impertinent, or scandalous matter."   Fed. R. Civ. P. 12(f).

The entire "preliminary statement" fails to comply with the aforesaid rules for the following reasons.   The first paragraph reads:

> School-based violence speaks volumes about the current state of the world and our country today.   School-based violence occurs in all communities, urban, suburban, rural and small towns, regardless of economic condition.   It happens in all levels of schools, elementary, middle, secondary and beyond.   While much of school violence is committed by students and adult intruders, School Boards and Administrators have a moral, ethical and legal duty to model good behavior and not be the perpetrators of the violence.

<u>See</u> ECF #1, p. 1.  These sentences are not numbered and are not allowable claims per Rule 8(a) as they fail to relate to Plaintiff's claims for relief.  These claims are also inappropriate as they are redundant, immature, impertinent, and scandalous.  Generalized statements about school-based violence and how it affects the world are impertinent to the case before the Court.  These statements seek to scandalous the facts and, therefore, are inappropriate.  Consequently, the School District Defendants move to strike the first paragraph in its entirety.

The second paragraph is also not numbered and includes redundant, immature, impertinent, and scandalous information.  This paragraph reads:

> This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Bethlehem Area School District Assistant Principal Antonio Traca who was violently assaulted by District Superintendent Joseph J. Roy at a school sports event in front of a crowd of students, parents, teachers, Mr. Traca's peers, and other spectators, including Defendant Roy's own minor daughter.  Although there were a very large number of witnesses, and several students reported the assault as examples of in school violence, Superintendent Roy continued to proffer false denials and to make public statements in media that called Mr. Traca's credibility into question.  Upon information and belief, the Board of Bethlehem Area School District was on notice of Superintendent Roy's history of violent and threatening behavior, but no corrective action was ever taken to prevent further behavior, such as the assault on Mr. Traca.  Although Bethlehem Area School District engaged an outside firm at tax-payer expense to investigate the assault on Mr. Traca, which upon information and belief confirmed that Superintendent Roy had committed the assault, no corrective action was taken, and the report of the investigation was suppressed and withheld from the citizens, parents and students within the District. Upon information and belief, no action was taken despite the fact that Roy admitted to Board that he had not been truthful, and that he had assaulted Mr. Traca.

<u>See</u> ECF #1, p. 1-2.  Many of the aforesaid statements are factual averments that are included throughout the remainder of the Complaint.  Thus, the inclusion of the same are redundant and must be stricken.  This paragraph also continues to intentionally elicit disproportionate emotions

to the facts in a manner that is immature, impertinent, and scandalous.  Therefore, the School

District Defendants move to strike the second paragraph in its entirety.

Lastly, the third paragraph is once again not numbered and includes redundant, immature,

impertinent, and scandalous information.  It reads:

> Because school violence is so prevalent in today's world it is entirely
> foreseeable that a person with violent tendency will commit an act
> of violence.  Furthermore, BASD ignored its own policies against
> school violence to ignore and then cover-up Roy's actions.  The lack
> of example setting by Roy in perpetrating violence, and the Board
> in engaging in a cover-up only tends to perpetuate further school
> violence.

See ECF #1, p. 2.  Plaintiff again attempts to scandalous the facts of this case by citing to the

current climate regarding school violence.  It is immature to compare the serious issue of school

violence to the facts of this case, which fall far from the threshold asserted by Plaintiff.  Such a

comparison is also impertinent to the case before the Court as it is irrelevant to whether the School

District Defendants violated Plaintiff's constitutional rights.  Because of the same, the School

District Defendants move to strike the third paragraph.  As the entire "preliminary statement"

violates the Rules of Federal Procedure for the reasons stated herein, it must be stricken in its

entirety[1].

## II.    The Complaint fails to identify the deprivation of a constitutional right; thus, Count I fails to state a claim upon which relief can be granted.

Could Dr. Roy reasonably foresee that the alleged shoving of an assistant principal violates

a constitutional right?  No, as the same falls woefully short of any type of constitutional violation.

The matter before the Court is a garden-variety tort case masked as a federal action.  Plaintiff

attempts to take advantage of the rights afforded by Section 1983 by disguising his alleged harm

---

[1] There is a final sentence after the third paragraph that is not enumerated and is redundant due to averments in the remainder of the Complaint; thus, it must also be stricken.

in a way expressly rejected by federal case law.  Because of this and for the additional reasons stated herein, the Complaint fails to establish the deprivation of a constitutional right. Notwithstanding, the Complaint also fails to establish that Dr. Roy acted with the requisite malice or sadism to shock the conscience as required for individual liability by the Third Circuit.  See Gottlieb ex rel. Calabria v. Laurel Highlands Sch. Dist., 272 F.3d 168 (3d Cir. 2001).  Without the same, Dr. Roy is immune from liability pursuant to the doctrine of qualified immunity.  Thus, Count I fails to state a claim upon which relief can be granted and must be dismissed.

Individual liability in a Section 1983 action is personal in nature, and a defendant is only liable if he was personally, affirmatively involved in the alleged malfeasance.    See C.N. v. Ridgewood Bd. of Ed., 430 F.3d 159, 173 (3d Cir. 2006).  Individual defendants may be entitled to qualified immunity if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Id. at 173-74 (internal quotations and citations omitted).  In assessing qualified immunity, a court "must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether the right was clearly established at the time of the alleged violation." Connecticut v. Gabbert, 526 U.S. 286, 290 (1999).

(a)    The Complaint fails to establish the deprivation of a constitutional right.

This case is a perfect example of Justice Souter's admonition in County of Sacramento v. Lewis,,wherein he, along with the concurring Justices Rehnquist, O'Connor, Kennedy, Ginsburg and Breyer, emphasized the importance of the shock the conscious standard finding to hold "all government conduct deliberately indifferent to life, liberty, or property, violates the Due Process Clause would make the Fourteenth Amendment a **font of tort law** to be superimposed upon whatever systems may already be administered by the States." 523 U.S. 833, 863-64 (1998)

(internal quotations and citations omitted) (emphasis added).  Plaintiff's Fourth Amendment claim fails to state a claim upon which relief can be granted as the Complaint does not substantiate an unlawful restraint, or any violation of a constitutional right.  To establish a valid claim under Section 1983, a plaintiff must demonstrate that the defendants, while acting under color of state law, deprived the plaintiff of a right secured by the Constitution or the laws of the United States.  See Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995).  The Supreme Court has held that the Fourteenth Amendment extends the Fourth Amendment's constitutional guarantee to searches and seizures by public school officials.  See New Jersey v. T.L.O., 469 U.S. 325, 333 (1985).

(i)     *The Complaint fails to substantiate an unlawful seizure.*

The Complaint first alleges, and fails to establish, the violation of the Fourth Amendment by way of an unlawful seizure.   A seizure occurs when "a reasonable person would have believed that he was not free to leave." Shuman ex rel. Shertzer v. Penn Manor Sch. Dist., 422 F.3d 141, 146-48 (3d Cir. 2005).  "[A] Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement . . . but only when there is a governmental termination of freedom of movement through means intentionally applied." Brower v. County of Inyo, 489 U.S. 593, 597 (1989).  "Determining whether the force used to affect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989).  "Not every push or shove, even if it may later seem unnecessary . . . violates the Fourth Amendment." Id.

The Complaint fails to establish an unlawful seizure – in fact, it fails to plead any facts that demonstrate any type of seizure.  Plaintiff alleges that on or about October 24, 2022, he was assigned to supervise a group of students at a football game between Liberty and Easton High Schools.  See ECF #1, ¶ 23.  During the football game, Dr. Roy observed Plaintiff watching the game instead of supervising students.  Id. at ¶ 27. After a fight broke out among a group of students, Plaintiff went to disperse the crowd.  Id. at ¶¶ 24-25.  Prior to Plaintiff being able to address the fight, Dr. Roy allegedly approached Plaintiff and "punched him in the chest."  Id. at ¶¶ 26-27.  The Complaint avers that Plaintiff asked Dr. Roy why he "punched him" to which Dr. Roy allegedly "responded by accusing him of 'not doing your fucking job' and instead 'just watching the game.'"  Id. at ¶ 27.  No further interactions, physical or otherwise, took place between Plaintiff and Dr. Roy after this altercation.  See generally ECF #1.  The act of "punching" someone in the chest does not constitute a seizure.   Moreover, the context of the Complaint implies that Dr. Roy was "exorting" Plaintiff to "do his job" and stop the fight.  This is directly contrary to the notion of restraint.  Plaintiff was on a football field with numerous ways to walk away from Dr. Roy if needed.  Id. at ¶ 23.  In fact, Plaintiff did walk away from Dr. Roy after the alleged confrontation.  There are no allegations that Plaintiff's movement was restricted in any way.  Even if Dr. Roy's alleged actions are found to be unreasonable, the same would not constitute the violation of a constitutional right.   Based on the same, it cannot be said that "a reasonable person would have believed that he was not free to leave." Shuman, 422 F.3d at 146-48 .

In another case addressing an alleged seizure by a school official, an assistant principal reprimanded a student for inciting a fight during class.  Gottlieb, 272 F.3d at 170 .  The assistant principal told the student to shut up and "pushed her shoulder with his hand, propelling her backwards into a door jam."  Id.  The Third Circuit concluded that the student "did not experience

the type of detention or physical restraint that we require to effectuate a seizure." Id. at 172; see also Kurilla by Kurilla v. Callahan, 68 F.Supp. 2d 556, 563 (M.D. Pa. 1999) (finding no seizure when a teacher grabbed a student by the shirt with clenched hands and pulled the student hard enough to bruise); Betz v. Satteson, 715 F. App'x 213 (3d Cir. 2017) (finding no seizure when a teacher put her arm up to stop a student from leaving and the student collided with the door and started to blee from his head); Schmidt v. Freeland, 2013 WL 4083761 (M.D. Pa. Aug. 13, 2013) (finding no seizure when a parent alleged a principal unlawfully seized him by saying he was not free to leave but the parent was able to, and did, walk away).  The "momentary use of physical force does not constitute an unlawful seizure."  Id.  The alleged seizure in Gottlieb is comparable to the one before the Court.  No where in the Complaint is there a factual allegation of seizure. Each time the word "seizure" or "restraint" is used, it is done so in a legal or conclusory context, which fails to meet the requisite standard outlined in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")).  Thus, per Third Circuit case law, Dr. Roy's alleged actions do not constitute an unlawful seizure.

(ii)    *The Complaint fails to substantiate excessive force*.

Plaintiff also alleges that Dr. Roy used excessive force, but the Complaint fails to substantiate the same.  Courts will apply the Fourteenth Amendment's shocks the conscience standard to federal claims alleging the use of excessive force by public school officials. See Gottlieb, 272 F.3d at 172.  Factors to consider include "the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether force was applied in good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."   Id. at 172-73 (internal

quotations and citations omitted).  Shock the conscious scenarios must be "so inspired by malice or sadism[,] rather than a merely careless or unwise excess of zeal[,] that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience."  Id. at 173 (internal quotations and citations omitted).  Without the elevation of the shock the conscious standard and to hold that "all government conduct deliberately indifferent to life, liberty, or property, violates the Due Process Clause would make the Fourteenth Amendment **a font of tort law** to be superimposed upon whatever systems may already be administered by the States."  Lewis, 523 U.S. at 863-64  (internal quotations and citations omitted) (emphasis added).

Based on the facts in the Complaint, Dr. Roy's alleged actions were "merely careless or [an] unwise excess of zeal" that do not meet the shock the conscience standard.  See Gottlieb, 272 F.3d at 173.  By Plaintiff's own admission, Dr. Roy believed Plaintiff was negligently failing to carry out his official duties at the football game.  See ECF #1, ¶¶ 23, 26-27.  The need for force aside, Plaintiff fails to allege any legitimate injury to his person.  See generally ECF #1.  In fact, the Complaint is devoid of substantive post-altercation details other than Plaintiff's obvious embarrassment.  Id. at ¶¶ 28-31.  This isolated act of "punching" Plaintiff in the chest is irrefutably an impulsive act – especially when there is no support of malice or sadistic intent to cause harm.  The Supreme Court has opined that "[n]ot every push or shove, even if it may later seem unnecessary . . . violates the Fourth Amendment."  Graham, 490 U.S. at 396 (internal quotations and citations omitted).  Regardless of whether Dr. Roy's act was unreasonable, it in no way rises to the level of shocking the conscience.  To rule otherwise, would allow federal causes of actions the Supreme Court has expressly rejected – those that make Fourteenth Amendment claims "a font of tort law."  See Lewis, 523 U.S. at 864 .  Consequently, Plaintiff fails to establish the violation

of a Fourth Amendment right, or any constitutional violation, and thus, his Section 1983 claim

fails to state a claim upon which relief can be granted.

> (b)     Notwithstanding the failure to establish the deprivation of a constitutional
> right, the Complaint fails to show that Dr. Roy had knowledge that his
> actions would violate Plaintiff's alleged constitutional rights and
> accordingly he is entitled to qualified immunity.

No reasonable person would believe that a simple "punch" in the chest would violate the

rights afforded by the United States Constitution. As stated, individual liability in a Section 1983

action is personal in nature, and a defendant is only liable if he was personally, affirmatively

involved in the alleged malfeasance. See C.N., 430 F.3d at 173 . "Personal involvement can be

shown through allegations of personal direction or of actual knowledge and acquiescence" of a

violation of someone's constitutional right. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.

1988).

The Complaint does not allege that Dr. Roy had any actual knowledge and subsequent

acquiescence of the violation of Plaintiff's alleged constitutional right. See generally ECF #1.

Contrarily, the Complaint demonstrates a brief physical act against Plaintiff in response to Dr.

Roy's belief that Plaintiff failed to conduct his duties. Id. at ¶¶ 23, 26-27. The alleged act took

place at a public event. Id. There are no allegations that further conversations or actions took

place between Plaintiff and Dr. Roy at the game. See generally ECF#1. Thus, the allegations in

the Complaint support the conclusion that there is no way Dr. Roy would have knowledge of the

violation of a constitutional right.

Based on the foregoing, Dr. Roy is immune from liability for Count I as Plaintiff fails to

establish that Dr. Roy intentionally violated any constitutional right. Consequently, Count I must

be dismissed as it fails to state a claim upon which relief can be granted.

**III.    Plaintiff fails to identify a constitutional violation resulting from a School District policy, practice, or custom, and thus, Count II fails to state a claim upon which relief can be granted.**

The Complaint is devoid of a School District policy, practice, or custom as required to establish municipal liability under Monell. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978) Specifically, in Count II, Plaintiff asserts a Section 1983 claim against the School District based on the alleged infringement of his protected right to be free from bodily restraint and punishment under the Fourth and Fourteenth Amendments.  As established, in Section II above, the Complaint fails to establish any constitutional violations.  Therefore, Count II fails to state a claim upon which relief can be granted.  Notwithstanding, the Complaint fails to identify a policy or custom as required to establish municipal liability.

When claims of constitutional violations are based on actions taken under color of state authority, such claim may only be brought against a municipality under 42 U.S.C. § 1983.  A municipality cannot be held liable for constitutional violations solely because of the actions of its employees.  See Monell, 436 U.S. 658 .  Section 1983 may give rise to municipal liability when a constitutional violation occurred as a result of the municipality's policy, practice, or custom.  Id. at 691.  To establish liability under Monell, a plaintiff must identify the challenged policy or custom, attribute it to the municipality itself, and establish "a causal link" between the policy or custom and the constitutional injury alleged.  See Losch v. Borough of Parkesburg, 736 F.2d 903, 910 (3d Cir.1984).

 "A plaintiff may put forth that an unconstitutional policy or custom of the municipality led to his or her injuries, or that they were caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice."  Forrest v. Parry, 930 F.3d 93, 105 (3d Cir. 2019).  "[A] municipal policy or custom—**as opposed to the independent conduct of a municipal**

employee—must be the 'driving force' behind the alleged harm." <u>Schlayach v. Berks Heim Nursing & Rehab.</u>, 434 F. Supp. 3d 342, 350-351 (E.D. Pa. 2020) (emphasis added). "Simply going along with discretionary decisions made by one's subordinates . . . is not a delegation to them of the authority to make policy." <u>Kelly v. Borough of Carlisle</u>, 622 F.3d 248, 263 (3d Cir. 2010).

Courts generally look at four sets of circumstances to establish a municipal policy or custom for purposes of Section 1983 liability: (1) a formal policy officially promulgated or endorsed by the municipality; (2) specific injury-causing actions taken by a government official who is responsible for establishing municipal polices; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a policymaker must have been aware; and (4) a widespread failure by policymakers to provide adequate training or supervision to subordinates. <u>See</u> <u>Schlayach.</u>, 434 F. Supp. 3d at 351.

(a)    <u>The Complaint fails to identify a School District policy.</u>

"[T]o establish that an official policy existed, Plaintiff must allege that it was made by a final policymaker." <u>Moore v. Lower Fredrick Twp.</u>, 2022 WL 657068, at *11 (E.D. Pa. 2022) (citing <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1480 (3d Cir. 1990)). The allegations under Count II only state that the School District violated Plaintiff's rights "in the development, implementation, and carrying out a policy . . . to allow unreasonable use of authority and use of excessive force . . .;" "in failing to develop, implement and carry out a policy proscribing the use of force . . .;" "in the development, implementation, and the carrying out of a policy which posed a threat to the law abiding citizens . . . ." <u>See</u> ECF #1 ¶ 55. The aforesaid is a generalization of potential policies and fails to cite an actual School District policy made by a final policymaker. Thus, Plaintiff cannot attach municipal liability under this circumstance.

      (b)     <u>The Complaint fails to identify a policymaker who took specific injury causing action</u>.

The only individual identified as acting is Dr. Roy.  Under these circumstances, Dr. Roy is not a policymaker.  <u>See</u> <u>McGreevy v. Stroup</u>, 413 F.3d 359, 369 (3d Cir. 2005) (holding that in limited circumstances where the law grants a superintendent policymaking authority – such as for employment ratings – then the superintendent may be considered a policymaker).  Pursuant to the Pennsylvania School Code, it is the board of school directors who make decisions with respect to policies.  <u>See</u> 24 P.S. §§ 5-507, 5-508.  The Pennsylvania School Code specifically states that although the superintendent "shall have a seat on the board of school directors" the superintendent does not have the right to vote.  24 P.S. § 10-1081.  Thus, Plaintiff cannot attach municipal liability under this circumstance.

      (c)     <u>The Complaint fails to identify a custom</u>.

Generally, a custom must be shown to be a pattern; more than a "single incident will be necessary to establish a causal connection between the incident and some municipal policy."  <u>Brown v. City of Pittsburgh</u>, 586 F.3d 263, 293 (3d Cir. 2009).  A plaintiff must show "a municipal custom coupled with causation—i.e., that policymakers were aware of **similar unlawful conduct** in the past but failed to take precautions against future violations."  <u>Bielevicz v. Dubinon</u>, 915 F.2d 845, 851 (3d Cir. 1991) (emphasis added).   The Complaint does not identify any similar unlawful conduct.  A custom "is established by showing that a given course of conduct although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."  <u>Schlayach</u>, 434 F.Supp. 3d at 351 (internal quotations and citations omitted).

Plaintiff attempts to create a custom by citing to Dr. Roy's alleged reputation for "violent and intimidating behavior."  <u>See</u> ECF #1 ¶ 33.  Personal conduct can hardly qualify as <u>Monell</u> material.  Some examples of the same include alleged complaints of angry outburst, an "angry

verbal tirade" against the President of the Teacher's Union, a threat by Dr. Roy "that the secretaries work for him, are well paid, lucky to have a job and he was the boss," a threat to parents that they were on Dr. Roy's "turf" and "there would be consequences for them if they spoke," a statement that Dr. Roy "is the boss" and that "he runs the district," etc.  Id. at ¶ 33.  The same fails to establish a custom for three reasons.  First, there is no allegation that the School District's policymakers, the School Board, had knowledge of the aforesaid.  Second, although the alleged conduct is unprofessional, the same does not show a pattern of **unlawful**, or conduct infringing on constitutional rights, conduct.  Lastly, Dr. Roy's alleged violent reputation does not constitute a course of conduct "that is so well-settled and permanent as virtually to constitute law."  It only shows a School District employee occasionally acting in an unprofessional manner.  The same cannot be considered a custom of the School District.  Thus, Plaintiff cannot attach municipal liability under this circumstance.

> (d)     The Complaint fails to identify a widespread failure to provide adequate training or supervision to subordinates.

"Where an allegedly injurious policy 'concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of person with whom those employees come into contact."  Schlayach, 434 F. Supp. 3d at 351 (quoting Thomas v. Cumberland Cty., 749 F.3d 217, 222.  "'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregard a known or obvious consequence of his action."  Schlayach, 434 F. Supp. 3d at 351 (internal quotations and citations omitted).  "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure

to train." Id. at 351-52.  "Such a pattern of behavior is necessary to put municipal policymakers on notice that a new program is required; through continued adherence to a policy, they know or should know violate the rights of others, they demonstrate deliberate indifference." Id. at 352.

The only allegation in the Complaint applicable to this circumstance is that the School District exercised "callous and deliberate indifference in failing to oversee, monitor, control, curtail, or restrain the actions of Defendant Superintendent Roy . . . ." See ECF # 1 ¶ 55.  There are no allegations identifying a pattern of behavior of constitutional violations among multiple untrained employees to put the School District on notice of needed training.  The only employee identified is Dr. Roy, which is insufficient to establish notice for purposes of a failure to train/supervise claim.   Thus, Plaintiff cannot attach municipal liability under this circumstance.

Based on the foregoing, Plaintiff fails to identify a constitutional violation resulting from a School District policy, practice, or custom, and thus, Count II fails as a matter of law.

IV.     **Plaintiff fails to meet the elements of a state-created danger claim; thus, Count III fails to state a claim upon which relief can be granted.**

The Complaint is devoid of an affirmative act carried out by the School District resulting in a danger to Plaintiff.  Plaintiff attempts to cite a variety of alleged outbursts of Dr. Roy to show that it was foreseeable to the School District that Dr. Roy would physically harm plaintiff.  The harm, if any, is not only miniscule but it is in no way foreseeable.  Moreover, as established in Section II(a)(ii) above, Dr. Roy's alleged acts do not shock the conscience.  Therefore, Plaintiff's state-created danger claim fails as a matter of law and must be dismissed.

To support a state-created danger claim, a Plaintiff must show the following: (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) the plaintiff was a foreseeable victim, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions; and

(4) a state actor affirmatively used his or her authority in a way that created a danger to the plaintiff or that rendered him more vulnerable to danger than had the state not acted at all.  See Bright v. Westmoreland Cnty, 443 F.3d 276, 281 (3d Cir. 2006).

(a)      Plaintiff's alleged harm was not foreseeable.

Notwithstanding the fact that the Complaint fails to identify legitimate harm directly related to Dr. Roy's alleged actions, the alleged harm is not foreseeable.  As previously stated, Plaintiff attempts to paint Dr. Roy in a bad light by citing various incidents where Dr. Roy allegedly acted in an unprofessional manner.  Specifically, the Complaint outlines alleged complaints of angry outbursts, an "angry verbal tirade" against the President of the Teacher's Union, a threat by Dr. Roy "that the secretaries work for him, are well paid, lucky to have a job and he was the boss," a threat to parents that they were on Dr. Roy's "turf" and "there would be consequences for them if they spoke," a statement that Dr. Roy "is the boss" and that "he runs the district," that he allegedly once threw a chair, etc.  See ECF at ¶ 33.  None of these alleged incidents show that Dr. Roy physically hurt anyone let alone School District employees.  Id.

Moreover, Plaintiff's alleged harm constitutes generalized statements such as "loss of the use, benefit and enjoyment of life," "physical and mental pain and suffering and anguish, and embarrassment and humiliation," "loss of valuable and inalienable rights to be free from illegal imprisonment . . .," "loss of income and future earning capacity," "loss of reputation," medical care and treatment, etc.  Id. at ¶ 56.  The aforesaid alleged acts of Dr. Roy cannot reasonably be believed to result in these types of damages.  It is also difficult to fathom that a single "punch" to the chest would result in these types of damages.   Therefore, the Complaint fails to demonstrate that his alleged harm was foreseeable.

(b)      No state actor acted with a degree of culpability that shocks the conscience.

Dr. Roy did not act with a degree of culpability that shocks the conscience.  See Section II(a)(ii).  The Complaint fails to identify another state actor; therefore, this element fails.

(c)   <u>Plaintiff was not a foreseeable victim</u>.

As mentioned above, Plaintiff attempts to cite various acts allegedly committed by Dr. Roy to establish foreseeability.  <u>See</u> IV(a).  The question of whether Plaintiff is a victim aside, the aforesaid acts do not establish that Plaintiff is a foreseeable victim.  Instead, all they show is alleged unprofessionalism exhibited by Dr. Roy – none of which would put the School District on notice that Plaintiff is a foreseeable victim.

(d)   <u>A state actor did not affirmatively use authority in a way that created a danger to Plaintiff or that rendered Plaintiff more vulnerable to danger</u>.

The Complaint does not identify an affirmative act committed by the School District.  "[L]iability under the state-created danger theory is predicated upon the states' affirmative acts which work to the plaintiffs' detriments in terms of exposure to danger."  <u>D.R. by L.R. v. Middle Bucks Area Vo. Tech. School</u>, 972 F.2d 1364, 1374 (3d Cir. 1992).  "If the state puts a man in a position of danger from private persons and then fails to protect him, it will not be heard to say that its role was merely passive; it is as much an active tortfeasor as if it had thrown him into a snake pit."  <u>Id.</u> (quoting <u>Bowers v. Vito</u>, 686 F.2d 616, 618 (1st Cir. 1982)).  "It is a misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause."  <u>Bright</u>, 443 F.3d at 282 .

The are no allegations to support that the School District affirmatively put Plaintiff in danger.  The only possible affirmative act to take place is the School District assigning Plaintiff to supervise students at the football game. <u>See</u> ECF #1, at ¶ 27.  There are no allegations to show that

the School District had knowledge of danger at the football game.  Such an assignment does not create a danger, or render Plaintiff more vulnerable to danger, to Plaintiff.  Thus, this element fails.

Based on the foregoing, Plaintiff fails to establish a state-created danger claim and Count III fails to state a claim upon which relief can be granted.

**V.      Plaintiff fails to meet the elements of a state-created danger claim; thus, Count III fails to state a claim upon which relief can be granted.**

"The district court may decline to exercise supplemental jurisdiction [over a state law claim] if . . . the district court dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367.  The Supreme Court has indicated that "if all federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  United States Mineworkers v. Gibbs, 383 U.S. 715, 726 (1966).  Because Plaintiff fails to state federal claims upon which relief can be granted, Plaintiff's state law claims, Counts IV-VIII, must be dismissed.

**VI.     Plaintiff's claims for punitive damages against Dr. Roy fail as no constitutional violations took place and, alternatively, the Complaint lacks sufficient facts to establish evil motive / intent, or reckless / callous indifference towards Plaintiff's rights.**

Punitive damages may be assessed "in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  Smith v. Wade, 461 U.S. 30, 56 (1983).  Moreover, "[p]unitive damages cannot be recovered from defendants in their official capacities."  Gregory v. Chehi, 843 F.2d 111, 119-20 (3d Cir. 1988).  "Punitive damages for Section 1983 violations are only awarded in special circumstances, that is, in those cases 'in which the defendant's conduct amounts to something more than a bare violation justifying compensatory

damages or injunctive relief.'" <u>Heneghan v. Northampton Community College</u>, 2010 WL 2730638, at *24-25 (E.D. Pa. July 11, 2011) (quoting <u>Cochetti v. Desmond</u>, 572 F.2d 102, 105-6 (3d Cir. 1978)).

       As outlined herein, Plaintiff fails to establish a violation of Section 1983, thus in the event the Complaint is not dismissed, his claim for punitive damages under the same must be stricken. Notwithstanding, the Complaint does not outline conduct warranting an award of punitive damages. The Complaint does not plead sufficient facts to substantiate a claim that Dr. Roy acted with the requite evil motive or intent or reckless or callous indifference towards a federally protected right. It cannot be reasonably said that the alleged act of Dr. Roy "punching" Plaintiff in the chest in response to Dr. Roy believing Plaintiff was not doing his job, rises to the level of "something more than a bare violation." The allegations support the notion that the alleged act was a spontaneous act with no forethought or indication that it violated a federal right. Accordingly, Plaintiff's request for punitive damages against Dr. Roy, to the extent they he is sued in his individual capacity, must be dismissed.

<u>**CONCLUSION**</u>

       For the reasons set forth herein, all counts of the Complaint fail to state a claim upon which relief can be granted. Moreover, the Complaint, at best, could possibly state a cause of action for a simple battery. It does not belong in Federal Court under the theories set forth. There is no ostensible reason why this Court should maintain jurisdiction over state claims. Thus, the Complaint must be dismissed in its entirety.

Date: <u>6/20/2023</u>                   Respectfully submitted,

/s/ John E. Freund, III, Esq.
John E. Freund, III, Esq.
Attorney ID # 25390
jef@kingspry.com
Alyssa M. Hicks, Esq.
Attorney ID # 325722
ahicks@kingspry.com
One West Broad Street, Suite 700
Bethlehem, Pennsylvania 18018
*Attorneys for Defendants*